*Rakoff, J*

Robert L. Tucker (RTL 1027)
TUCKER & LATIFI, LLP
160 East 84th Street
New York, New York 10028
Telephone: (212) 472-6262
Facsimile: (212) 744-6509

*Attorney for Plaintiff Ashton Optical Imports, Inc.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-3-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHTON OPTICAL IMPORTS, INC.,

                  Plaintiff,

v.

PRESTIGE OPTICAL, INC.;
VIOLET STERN; and, ANGELA
STERN;

                  Defendant.

CASE NO. 08 Civ 3558 (JSR)

FINAL JUDGMENT UPON CONSENT,
INCLUDING A PERMANENT INJUNCTION,
WITH REGARD TO DEFENDANTS PRESTIGE
OPTICAL, INC.; VIOLET STERN; and, ANGELA
STERN

## FINAL JUDGMENT UPON CONSENT WITH REGARD TO DEFENDANT PRESTIGE OPTICAL, INC.; VIOLET STERN; and ANGELA STERN

        Plaintiff **Ashton Optical Imports, Inc.** having filed a *Complaint* in this action charging defendants **Prestige Optical, Inc.; Violet Stern; and Angela Stern** (collectively "Defendant") with copyright infringement and unfair competition based upon the wrongful use of numerous copyrighted images of Plaintiff's; and Plaintiff and the Defendant having simultaneously entered into a *Settlement Agreement and Mutual Release*; and the parties hereto desiring to fully settle all of the claims in this action; and, Defendant having agreed to consent to the below terms of a permanent injunction or such other terms as the Court may So Order, it is hereby:

**ORDERED, ADJUDGED AND DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. §1121.

2. Plaintiff Ashton Optical Imports, Inc. is the owner of the registered copyrights in and to its eyewear catalogs, including, but not limited to, CHROME HEARTS EYEWEAR CATALOG-SPRING 2005, U.S. Copyright Registration No. TX 6-815-389 of November 21, 2007; CHROME HEARTS EYEWEAR CATALOG-SPRING 2006, U.S. Copyright Registration No. TX 6-815-445 of November 21, 2007; CHROME HEARTS EYEWEAR CATALOG-SPRING 2007, U.S. Copyright Registration No. TX 6-815-447 of November 21, 2007. (hereinafter collectively, the "Chrome Hearts Eyewear Copyrights");

3. Plaintiff has alleged that Defendant's wrongful use of the Chrome Hearts Eyewear Copyrights constitutes copyright infringement and unfair competition under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.;

4. Defendant and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing the Chrome Hearts Eyewear Copyrights, either directly or contributorily, in any manner, including generally, but not limited to using any of the Chrome Hearts Eyewear Copyrights in any manner or for any purpose.

5. The parties having agreed that Defendant shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements and attorneys' fees based upon Defendant's alleged infringing activities, Defendant's warranties and representations and obligations to make such payment are incorporated herein and no other award for damages, profits, costs, disbursements and/or attorneys' fees is made herein.

6. The execution of this Final Judgment by counsel for the parties shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice in regard to the Defendant.

8. This Final Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

Dated: May 28, 2008

**TUCKER & LATIFI, LLP**

By: _____
Robert L. Tucker
*Attorney for Plaintiff Ashton Optical Imports, Inc.*

Dated: May 18, 2008

**LAW OFFICE OF JACK MEVORACH**

By: _____
Jack Mevorach, Esq.
*Attorney for Defendants Prestige Optical, Inc.;
Violet Stern; and Angela Stern*

## ORDER

**THIS FINAL JUDGMENT UPON CONSENT IS SO ORDERED.**

Dated: New York, New York
~~May~~ 6/2/2008

_____
Hon. Jed S. Rakoff
*United States District Judge*

3.

## ASHTON OPTICAL IMPORTS, INC.

### LITIGATION SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Litigation Settlement Agreement and Mutual Release ("Agreement") made and entered into this 18 day of ~~April~~ MAY, 2008, in multiple originals, by and between, on the one hand, plaintiff **Ashton Optical Imports, Inc.** (hereinafter referred to as "Plaintiff"), and on the other hand, defendants **Prestige Optical, Inc.; Violet Stern; and Angela Stern** (hereinafter collectively referred to as "Defendant") (The Plaintiff and the Defendant are also sometimes referred to as a "party" and collectively they are all sometimes referred to as the "parties").

### WITNESSETH:

**WHEREAS**, Plaintiff is the owner of registered copyrights in and to various catalogs for its eyewear, including, but not limited to, CHROME HEARTS EYEWEAR CATALOG-SPRING 2005, U.S. Copyright Registration No. TX 6-815-389 of November 21, 2007; CHROME HEARTS EYEWEAR CATALOG-SPRING 2006, U.S. Copyright Registration No. TX 6-815-445 of November 21, 2007; CHROME HEARTS EYEWEAR CATALOG-SPRING 2007, U.S. Copyright Registration No. TX 6-815-447 of November 21, 2007, (hereinafter collectively, the "Chrome Hearts Eyewear Copyrights"); and,

**WHEREAS**, Defendant was wrongfully using the Chrome Hearts Eyewear Copyrights on its website, www.abs-sunglasses.com, to sell Chrome Hearts Eyewear; and,

**WHEREAS**, Plaintiff filed an action against Defendant in the United States District Court for the Southern District of New York, entitled <u>Ashton Optical Imports, Inc. v. Prestige Optical, Inc., Violet Stern, Angela Stern</u>, Civil Action No. 08 Civ 3558 (JSR) (hereinafter, the "Civil Action") alleging federal copyright infringement, and related claims, concerning the wrongful use of the Chrome Hearts Eyewear Copyrights; and,

**WHEREAS**, Defendant admits no intentional wrongdoing; and,

**WHEREAS**, the parties desire to settle the controversy between them, including all issues in the Civil Action.

**NOW, THEREFORE**, in consideration of the mutual covenants and consideration herein set forth, the parties hereby agree as follows:

successors or assigns) now have, may have or may hereafter assert against one another, relating to the claims alleged in the Action. This release against Defendant and his present and former and future affiliated business entities, parents, insurers, subsidiaries, predecessors, successors and assigns and all their respective shareholders, partners, members, directors, officers, employees, agents and attorneys is limited to the extent of the warranties and representations specified in Section 1(a) above.

The term "claims" as used herein, includes any claim or cause of action, regardless of the forum in which it may be brought, and includes, but is not limited to any alleged breach of express or implied contract, breach of the covenant of good faith and fair dealing, breach of any obligation arising out of any law or public policy of the United Sates of America, the State of California or any other governmental entity, loss of wages, bonuses, commissions, expenses and benefits, intentional or negligent infliction of emotional distress, fraud, misrepresentation, defamation, retaliation, or any other claims or causes of action for damages of any nature, including without limitation, actual, compensatory, punitive and liquidated damages and attorney fees, costs and expenses.

The parties hereby acknowledge, recognize and understand that nothing in this Agreement shall constitute, be construed or be treated as an admission of liability or wrongdoing by any of them, and that any obligation taken hereunder is in settlement of all disputed claims. Notwithstanding the foregoing, in the event of a breach of this Agreement by Defendant, this release against Defendant shall become subject to the breach provisions in Section 4 above and Plaintiff shall have the right to pursue their claims for damages incident to the commencement of litigation in accordance with paragraph 4 hereof.

6. **AGREEMENT NOT A LICENSE.** Nothing contained in this Agreement shall be construed as a license, implied or otherwise, by and between Plaintiff and Defendant to use either the Chrome Hearts trademarks or any other trademarks belonging respectively now or in the future to each of the Plaintiff and/or to a Plaintiff's subsequent assigns of their or its (as the case may be) trademarks.

7. **AGREEMENT IS NOT PERMISSION TO IMPORT.** This Agreement does not permit anyone to import any items bearing the Chrome Hearts trademark or any mark confusingly similar thereto that either Plaintiff or the United States Customs and Border Protection deems to be the same or confusingly similar to any trademarks that Plaintiff has recorded or may record with the U.S. Customs and Border Protection and this Agreement does not require the Plaintiff to consent to the importation of any shipments of items detained or seized by United States Customs and Border Protection.

3

8. **DEFENDANT'S AGREEMENT NOT TO FURTHER INFRINGING ACTS.** Defendant and its employees, agents, servants, successors and assigns hereby agree not to manufacture, produce, distribute, circulate, sell, offer for sale, import, export, advertise, promote, display, ship, market, incorporate in advertising or marketing or otherwise dispose of any items bearing the CHROME HEARTS trademarks.

9. **ENTIRE AGREEMENT, MODIFICATIONS AND OTHER GENERAL PROVISIONS.**

(a) Integrated Agreement. The parties agree and acknowledge that this Agreement constitutes and contains the entire agreement and understanding of the parties concerning the subject matter hereof, and supersedes and replaces all prior negotiations, proposed agreements, or agreements, written, oral, or implied. The parties further agree that any oral representations or modifications concerning this Agreement shall be of no force or effect, and that this Agreement, including this provision can be modified only by a writing signed by all of the parties. The parties acknowledge to one another, that no other party, nor any agent or attorney of any other party, has made any promise, representation, or warranty whatsoever (express, implied or statutory) not contained herein concerning the subject matter hereof, to induce them to execute this Agreement; and that they have not executed this Agreement in reliance upon any such promise, representation or warranty not contained herein.

(b) Binding Nature. The parties agree that this Agreement and all of its terms hereof shall be binding upon their respective heirs, legal successors, trustees, assigns, and licensees.

(c) Governing Law. This Agreement shall in all respect be interpreted, enforced, and governed by and under the laws of the State of New York. Any action arising out of or related to this Agreement shall be commenced and maintained in a federal or state court situated within the County of New York, New York. If any provision or any portion of any provision of this Agreement shall be held unlawful or unenforceable by a court of competent jurisdiction, the balance of this Agreement shall nonetheless in all respects remain binding and effective and shall be construed to be in full force and effect to the extent lawfully permissible.

(d) Informed Consent. The parties acknowledge that they have been represented by independent legal counsel of their own choice throughout all of the negotiations that preceded the execution of this Agreement and that they have executed this Agreement with the consent and on the advice of such independent legal counsel. The parties further acknowledge that they and their counsel have had adequate opportunity to make whatever investigation or inquiry they may have deemed necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the consideration specified herein.

4

(e)  Construction. No party, nor any of the parties' respective attorneys, shall be deemed to have drafted this Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

(f)  Titles & Predicate Paragraphs. The titles contained in this Agreement are inserted only as a matter of convenience and are for reference purposes only. Such titles are not intended to define, limit, expand or describe the scope of this Agreement or the intent of any provision hereof. The substance of the provisions and representations made in the initial predicate WHEREAS paragraphs of this Agreement shall constitute binding terms among the parties.

(g)  Execution and Counterparts. This Agreement may be executed in counterparts and by facsimile signatures. Such counterparts, when taken together, shall constitute a binding agreement among the parties.

(h)  Attorney's Fees and Costs. The prevailing party in an action for the violation of and/or enforce of the provisions of this Agreement shall be entitled to an award of all of its reasonable attorneys' fees and costs in connection with such proceedings.

**EXECUTED** and entered into as of the day and year first written above:

ASHTON OPTICAL IMPORTS, INC.

By: _____

PRESTIGE OPTICAL INC.

By: _____

VIOLET STERN

_____

ANGELA STERN

_____

5

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:     (     )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |     NOTICE OF APPEAL
                                          |
        -V-                               |
                                          |
                                          |     civ.         (   )
                                          |
------------------------------------------X
```

Notice is hereby given that _____
                                              (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____, _____ .
                                (day)              (month)        (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

( ) _____ - _____
(Telephone Number)

Date: _____

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
---------------------------------------X
                                       |
                                       |   MOTION FOR EXTENSION OF TIME
                                       |   TO FILE A NOTICE OF APPEAL
         -V-                           |
                                       |
                                       |       civ.        (   )
                                       |
---------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                                  (party)

requests leave to file the within notice of appeal out of time. _____
                                                                              (party)

desires to appeal the judgment in this action entered on _____ but failed to file a
                                                               (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]






_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____       (     ) _____-_____
                                              (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------X
                                     |
                                     |         NOTICE OF APPEAL
                                     |               AND
         -V-                         |    MOTION FOR EXTENSION OF TIME
                                     |
                                     |       civ.        (    )
                                     |
                                     |
-------------------------------------X
```

1.   Notice is hereby given that _____ hereby appeals to
                                                (party)
the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
             [Give a description of the judgment]

2.   In the event that this form was not received in the Clerk's office within the required time
_____ respectfully requests the court to grant an extension of time in
          (party)
accordance with Fed. R. App. P. 4(a)(5).

   a.   In support of this request, _____ states that
                                                    (party)
this Court's judgment was received on _____ and that this form was mailed to the
                                            (date)
court on _____ .
             (date)

                                            _____
                                                    (Signature)

                                            _____
                                                     (Address)

                                            _____
                                               (City, State and Zip Code)

Date: _____        (    ) _____ - _____
                                            (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS
Docket Support Unit                                              Revised: April 9, 2006

FORM 3

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

------------------------------------------------X
|
|
-V-         |        **AFFIRMATION OF SERVICE**
|
|        civ.         (    )
|
------------------------------------------------X

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

APPEAL FORMS
Docket Support Unit                                           Revised: April 9, 2006